**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **UCASHA UPSHAW, SR.,** | |
| **Plaintiff,** | |
| **V.** | **NO. 5:26-cv-00094-CAR-AGH** |
| **JOHN AND/OR JANE DOE,** | |
| **Defendants.** | |

**ORDER OF DISMISSAL**

Plaintiff Ucasha Upshaw, Sr., a prisoner in Dooly State Prison in Unadilla, Georgia, filed a handwritten document, which was docketed as a 42 U.S.C. § 1983 civil rights complaint. ECF No. 1. Plaintiff did not file this complaint on the standard form. *See id.* He also did not pay the $405.00 filing fee for a civil rights case or submit a properly completed motion to proceed *in forma pauperis*.

Therefore, Plaintiff was ordered to (1) file a complaint on the Court's standard form, and (2) either pay the $405.00 filing fee or submit a properly completed motion to proceed *in forma pauperis*. ECF No. 3. Plaintiff was given fourteen days to take these actions and was cautioned that his failure to do so may result in the dismissal of this case. *Id.*

The time for compliance passed, and Plaintiff failed to file a complaint on the Court's form. Plaintiff did file another handwritten document asserting that he had been denied insulin and food and that he had attempted to report a sexual assault but was advised not to do so. ECF No. 4. As with the original filing, this document was not on the form for a 42 U.S.C. § 1983 complaint. Moreover, Plaintiff did not pay the filing fee, move for

leave to proceed *in forma pauperis*, or otherwise address the Court's previous order.

Accordingly, Plaintiff was ordered to show cause to the Court why this case should not be dismissed for failure to comply with the Court's order to recast his complaint on the proper form and either pay the filing fee or move for leave to proceed *in forma pauperis*. ECF No. 5. Plaintiff was given fourteen days to respond and was cautioned that his failure to do so would likely result in the dismissal of this case. *Id.* The day after the order to show cause was entered, the Court received and docketed a notice indicating that Plaintiff had been transferred to Smith State Prison. ECF No. 6. Based on this notice, the clerk forwarded the order to show cause to Plaintiff at that facility.

More than fourteen days have now passed since the show cause order was sent to Plaintiff, and Plaintiff has not responded to that order. Thus, because Plaintiff has failed to respond to the Court's orders or otherwise prosecute his case, this action is **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 12th day of August, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT